**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 18-2350

———————————

MARDEL ZUNIGA,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,

Respondent

———————————

On Petition for Review of an Order of the Board of Immigration Appeals
(Agency No. A205-129-094)
Immigration Judge: Anne S. Garcy

———————————

Submitted Under Third Circuit L.A.R. 34.1(a)
January 10, 2019

Before: AMBRO, BIBAS, FUENTES, *Circuit Judges*.

(Opinion Filed:  July 11, 2019)

———————————

OPINION[**]

———————————

———————————

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

FUENTES, *Circuit Judge*.

Petitioner Mardel Zuniga, a native of Belize, has attempted to reopen her removal proceedings on the grounds that she suffered from ineffective assistance of counsel. She argues that she is eligible for cancellation of removal, but her former attorney failed to attach necessary and available documents supporting her claim. Tragically, this error has repeated itself. As stated in more detail below, Zuniga has failed to meet the procedural requirements necessary to make out a claim for ineffective assistance of counsel. Bound by our precedents, we cannot overlook them, regardless of the overall merits of Zuniga's claim. We must therefore deny her petition for review.

## I.

Zuniga came to this country as a minor on a temporary visa, which she subsequently overstayed. Immigrations and Customs Enforcement arrested her in 2012 and placed her into removal proceedings. After a number of continuances during which she attempted to retain counsel, Zuniga appeared in immigration court in September 2013 *pro se*, prepared to provide documents to the immigration judge that showed she was eligible for cancellation of removal. Unfortunately, because of a personal emergency, the immigration judge cancelled that hearing. The immigration court rescheduled the hearing for August 2015, a delay of almost two years. Zuniga did not appear at that rescheduled hearing; she alleges that she did not receive notice of the hearing date. The immigration judge ordered her removed *in absentia*, concluding that she had abandoned her application for cancellation of removal. The court entered the final order of removal on October 9, 2015.

2

In March 2016, Zuniga, then represented by counsel, moved to reopen her proceedings. A month later, the immigration judge denied this motion on the grounds that she failed to attach documentation or evidence in support of her motion.

Zuniga did not appeal that ruling but filed a second motion to reopen with new counsel—her current counsel—in November 2017. With this second motion to reopen, Zuniga attached the relevant documentation for her application for cancellation of removal, and produced affidavits supporting her argument that she had acted diligently in trying to ascertain her correct hearing date. She also argued that her previous attorney rendered ineffective assistance.

The immigration judge construed this second motion in two ways: (1) as a motion to reconsider its denial of the first and (2) as a second motion to reopen. The immigration judge found that the motion was untimely as a motion to reconsider. And she found that regulations did not allow Zuniga to file more than one motion to reopen. Lastly, the immigration judge found that her ineffective-assistance claim could not overcome these defects because Zuniga had not followed the procedural requirements for making such claims. Zuniga appealed that decision to the Board of Immigration Appeals, which affirmed the immigration judge's decision. Zuniga petitions us for review now.[1]

---

[1] The Court has jurisdiction over Zuniga's petition for review under 8 U.S.C. § 1252(a)(1).

## II.

The Board's decision to deny a motion to reopen is reviewed "under a highly deferential abuse of discretion standard."[2] The Court will disturb that decision only if it is "arbitrary, irrational, or contrary to law."[3] Agency regulations allow a petitioner to file one motion to reopen proceedings, and one motion to reconsider.[4] Additional motions are barred. Further, a petitioner must file any motion to reconsider within thirty days of the decision.[5]

The Board affirmed the immigration judge in denying Zuniga's second petition on three grounds: (1) it was time-barred, to the extent it was a motion to reconsider Zuniga's first motion to reopen; (2) it was number-barred, to the extent it was a second petition to reopen; and (3) Zuniga failed to adequately plead ineffective assistance of counsel.

By the plain language of the regulatory bars, Zuniga's petition is precluded regardless of whether her motion was a motion to reconsider or a second motion to reopen. Zuniga filed her first motion to reopen in March 2016—the only motion to reopen permitted by regulation. The immigration judge ruled on that motion in April 2016, and Zuniga did not file her second motion until well over a year later—long after the 30-day deadline to file a motion to reconsider.

---

[2] *Alzaarir v. Att'y Gen.*, 639 F.3d 86, 89 (3d Cir. 2011).

[3] *Filja v. Gonzales*, 447 F.3d 241, 251 (3d Cir. 2006).

[4] 8 C.F.R. § 1003.23(b)(1) ("Subject to the exceptions in this paragraph and paragraph (b)(4), a party may file only one motion to reconsider and one motion to reopen proceedings.").

[5] *Id.* ("A motion to reconsider must be filed within 30 days of the date of entry of a final administrative order of removal, deportation, or exclusion . . . .").

But the time period for filing motions to reconsider is subject to equitable tolling.[6] "Ineffective assistance of counsel can serve as a basis for equitable tolling if substantiated and accompanied by a showing of due diligence."[7] So Zuniga could arguably overcome the time and number bars if she showed ineffective assistance of counsel.[8]

Unfortunately, she has not. The requirements for ineffective assistance of counsel are laid out in the Board's decision in *Matter of Lozada*.[9] Our Circuit has "essentially adopted the procedural requirements that the [Board] developed for ineffective-assistance-of-counsel claims."[10] These claims have both a procedural and substantive components.[11] Procedurally, "the allegedly aggrieved person must (1) provide an affidavit attesting to the relevant facts, (2) inform former counsel of the allegations and allow him an opportunity to respond, and (3) 'if it is asserted that prior counsel's handling of the case involved a violation of ethical or legal responsibilities, the motion should reflect whether a complaint has been filed with appropriate disciplinary authorities regarding such representation, and if not, why not.'"[12]

---

[6] *Cf. Alzaarir*, 639 F.3d at 90 (holding that equitable tolling applies to the time limit for motions to reopen). Equitable tolling may also apply to the numerical limit on motions to reopen. We need not decide the issue, since we find that Zuniga has not met the requirements to show ineffective assistance of counsel.

[7] *Id.*

[8] Zuniga notes this possibility in her brief. Pet'r Br. at 11. She does not otherwise contest the fact that her second motion would be time-barred or number-barred. Because we otherwise deny Zuniga's petition on the merits, we need not also consider whether she has waived any arguments in this regard.

[9] 19 I. & N. Dec. 637, 639 (BIA 1988).

[10] *Rranci v. Att'y Gen.*, 540 F.3d 165, 172 (3d Cir. 2008).

[11] *Id*.

[12] *Id.* (quoting *Lozada*, 19 I. & N. Dec. at 639).

Zuniga has not attempted to show she has met any of those requirements. Even on appeal, knowing that the immigration judge ruled that she had failed to meet *Lozada*'s requirements, she spends no time discussing them, or citing Circuit precedent applying them. Zuniga has failed to follow the procedural requirements necessary to plead ineffective assistance of counsel, and has made no effort to explain why. Whatever the substantive merit of her petition, the Court must deny her claim.

Because she has not adequately pled ineffective assistance of counsel, Zuniga cannot apply equitable tolling to her second motion. It is therefore barred.

**III.**

For the foregoing reasons, we will deny Zuniga's petition for review.